# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER TO ADVANCE SECURITY IN AMERICA<br>1802 Vernon Street NW<br>PMB 2095<br>Washington, D.C. 20009,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>UNITED STATES MILITARY ACADEMY AT WEST POINT,<br>Office of the Staff Judge Advocate<br>Official Mail and Distribution<br>646 Swift Road<br>West Point, NY 10996-1095,<br><br>　　　　*Defendant*. | Civil Case No. 1:25-cv-316 |

## COMPLAINT

1.　Plaintiff Center to Advance Security in America ("CASA") brings this action against the United States Military Academy at West Point ("West Point") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel West Point's compliance with FOIA.

## JURISDICTION AND VENUE

2.　This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3.　Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

1

## PARTIES

4. Plaintiff CASA is an unincorporated association dedicated to improving the safety and security of the American people. CASA educates and informs the American people about the actions of their government and its officials that impact their safety; peace and security; democracy, civil rights, and civil liberties; and privacy.

5. Defendant West Point is a military service academy created under federal law and operating under the command and supervision of the Department of the Army and Department of Defense. Defendant West Point is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1) and has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On December 12, 2024, CASA submitted one FOIA request (attached as Exhibit A) to West Point pertaining to West Point's denial that Secretary of Defense Peter Hegseth was accepted for admission in the class of 2003 by West Point. CASA requested expedited processing. Ex. A.

7. On December 12, 2024, West Point unofficially acknowledged receipt of the request. Exhibit B.

8. On December 17, 2024, West Point asked for complete email addresses for relevant custodians, and also asked for purported "clarifications." Exhibit C.

9. On January 13, 2025, West Point requested a "wet signature" on the FOIA request. Exhibit D.

10. On January 13, 2025, West Point officially acknowledged receipt of the request and assigned it control number FP-25-006989. Exhibit E.

2

11.     On January 15, 2025, West Point denied Plaintiff its request for expedited processing. Exhibit F.

12.     Release of these records is in the public interest because it will contribute to the public's understanding of the circumstances that led officials to give false information—twice stating that Mr. Hegseth did not even apply to West Point—about Mr. Hegseth, the current Secretary of Defense.

13.     FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("DOJ Memo").

14.     The DOJ Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." DOJ Memo at 3. Under 6 CFR § 5.5(e)(1)(iv), expedited processing is required in cases of "widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

15.     There is widespread and exceptional media interest surrounding the activities of the Secretary of Defense and the integrity of government officials at West Point has come into question. The information given to the media by West Point officials about Mr. Hegseth was false. Given that this false statement may violate federal law, the public quickly needs to be informed of the communications, circumstances, and facts surrounding the conversations between the media

3

and the relevant officials at West Point involved in this incident. This incident clearly could affect the public's confidence in the integrity of government officials at West Point.

16. Over 53 days have elapsed since West Point received CASA's request, yet West Point still has not made determinations with respect to them. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). West Point has not produced responsive documents to CASA, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed CASA of its ability to appeal any adverse portion of its determinations.

17. Given these facts, West Point has not met its statutory obligations to provide the requested records.

18. Through West Point's failure to make determinations within the time period required by law, CASA has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

19. CASA repeats and incorporates by reference paragraphs each of the foregoing paragraphs as if fully set forth herein.

20. CASA properly submitted a request for records within the possession, custody, and control of West Point.

21. West Point is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

22. West Point is wrongfully withholding non-exempt agency records requested by CASA by failing to produce non-exempt records responsive to its request.

23. West Point's failure to provide all non-exempt responsive records violates FOIA.

24. Plaintiff CASA is therefore entitled to declaratory and injunctive relief requiring West Point to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff CASA respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant West Point complies with the requirements of FOIA and any and all orders of this Court.

(2) Order West Point to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to CASA's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award CASA the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant CASA other such relief as the Court deems just and proper.

Dated: February 4, 2025

Respectfully submitted,

CENTER TO ADVANCE SECURITY IN AMERICA

By Counsel:
/s/ *Karin M. Sweigart*

Karin Moore Sweigart
D.D.C. Bar ID: CA00145
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
KSweigart@Dhillonlaw.com

Jacob William Roth
D.D.C. Bar ID: 1673038
DHILLON LAW GROUP, INC.
1601 Forum Plaza, Suite 403
West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

*Counsel for the Plaintiff*